# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY,<br><br>                                   Plaintiff,<br><br>     vs.<br><br>WILLIS ALLEN REAL ESTATE,<br><br>                                   Defendant. | CASE NO. 14cv105-LAW (WVG)<br><br>**ORDER DENYING MOTION TO DISMISS** |

Aspen Speciality Insurance Company brought this lawsuit against Willis Allen Real Estate to rescind a liability insurance policy. Willis Allen filed a Counter-Complaint against Aspen for failure to effectuate a settlement with a third-party within policy limits. Aspen has moved to dismiss the Counter-Complaint. (Docket no. 26.)

## I.     Factual Background

### A.     Willis Allen's Insurance Policy

Aspen issued a "claims made" insurance policy to Willis Allen, a real estate company. Under the policy, Aspen insured Willis Allen up to $2 million for damages arising out of negligence committed in the performance of its professional services, and Aspen was required to defend and investigate claims against Willis Allen.

### B.     The Polamalus' Lawsuit Against Willis Allen

Troy and Theodora Polamalu purchased a home through Willis Allen. Thereafter, a landslide caused a significant portion of their backyard to slide into an adjacent canyon. They

sued multiple defendants, including Willis Allen, seeking rescission of the house purchase and recovery of the cost of making home improvements. Willis Allen tendered the defense of the Polamalus' complaint to Aspen, and Aspen agreed to defend.

During the Polamalus' litigation, the parties engaged in settlement efforts, including mediation. Willis Allen alleges: its defense counsel kept Aspen abreast of settlement efforts; defense counsel made Aspen aware of the possibility of above policy limits liability; defense counsel requested the authority to settle up to policy limits; and Willis Allen learned it could resolve the Polamalus' claims for substantially less than the policy limits and informed Aspen of this fact. But, Willis Allen alleges, Aspen didn't give policy limits settlement authority and made settlement offers well below the amount the Polamalus requested. Willis Allen contends these "lowball" offers prevented a settlement from being effectuated and drew out settlement negotiations. The Polamalus eventually settled with Willis Allen, but only after they had settled with all other defendants. The settlement completely exhausted the policy and Willis Allen was required to contribute substantial monies of its own. Willis Allen alleges that, absent Aspen's gamesmanship, it wouldn't have needed to contribute to the settlement.

**C.     Aspen's Lawsuit against Willis Allen and Willis Allen's Counter-Claim**

In January 2014, before the settlement with the Polamalus was completed, Aspen filed its complaint against Willis Allen seeking declaratory judgment and rescission of the policy. Aspen alleged that Willis Allen misrepresented material facts when it obtained the policy from Aspen and that the Polamalus' claims against Willis Allen were not covered by the policy. In October 2014, Willis Allen filed its Counter-Complaint for breach of contract and tortious breach of the implied covenant of good faith and fair dealing, alleging Aspen acted in bad faith when it ignored liability exposure and refused to give policy limits settlement authority.

Aspen now moves to dismiss Willis Allen's Counter-Complaint for failure to sufficiently allege a cause of action. (*See* Docket no. 26.) It argues that Willis Allen has failed to adequately allege claims for breach of contract and breach of the implied covenant of good faith and fair dealing, because Willis Allen didn't allege that the Polamalus made a policy limits demand or otherwise indicated they would settle within policy limits. Thus, according

to Aspen, it had no duty to settle, only a duty to negotiate, which it met by participating in settlement negotiations and making settlement offers.

## II.  Discussion

### A.  Legal Standard

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). The Court must accept all factual allegations as true and construe them in the light most favorable to the non-moving party—Willis Allen. *Cedars Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). To defeat Aspen's motion to dismiss, Willis Allen's factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, "[s]ome threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (quotation omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While the Court must draw all reasonable inferences in Willis Allen's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (quotation omitted).

### B.  Analysis

Aspen argues that Willis Allen's claims for breach of contract and breach of the implied covenant of good faith and fair dealing should be dismissed because Willis Allen hasn't alleged either "(1) a policy limits demand [by the Polamalus], or (2) an opportunity to settle, presented by [the Polamalus], within policy limits." (Docket no. 26 at 5, 9).

An insurer is obligated to act reasonably to protect their insureds from liability in excess of policy limits.  Thus, "under California law, an insurer has a duty to effectuate settlement where liability is reasonably clear, even in the absence of a settlement demand."

*Travelers Indem. Co. of Conn. v. Arch Specialty Ins. Co.*, 2013 WL 6198966, at *8 (E.D. Cal. Nov. 27, 2013) (quoting as persuasive authority *Du v. Allstate Ins. Co.*, 681 F.3d 1118, 1122 (9th Cir. 2012), amended and resolved on other grounds at 697 F.3d 753, 758 (9th Cir. 2012)). "'Effectuate' means to put into force or operation." *Id.* (quotation omitted). "Therefore, to act in good faith, and to attempt to effectuate settlement, [an insurer is] required to do something in an attempt to bring about a settlement." *Id.* "[T]he inquiry is whether the insurer refused in bad faith a reasonable opportunity to settle." *Id.* at *9. Addressing claims for breach of contract and breach of the implied covenant of good faith and fair dealing, *Reid v. Mercury Ins. Co.*, 220 Cal. App. 4th 262 (2013) explained:

> For bad faith liability to attach to an insurer's failure to pursue settlement discussions, in a case where the insured is exposed to a judgment beyond policy limits, there must be, at a minimum, [1] some evidence either that the injured party has communicated to the insurer an interest in settlement, or [2] *some other circumstance demonstrating the insurer knew that settlement within policy limits could feasibly be negotiated*.

*Id.* at 272 (emphasis added). "[W]hether or not an insurer is guilty of bad faith is ordinarily a question of fact." *Highlands Ins. Co. v. Cont'l*, 64 F.3d 514, 517 (9th Cir. 1995).

Citing *Reid*, Aspen contends the injured party must express an interest in settlement to trigger an insurer's duty to pursue good faith settlement discussions. Aspen is mistaken. All that's required is *some circumstance* showing that Aspen knew settlement within policy limits was feasible. *Reid*, 220 Cal. App. 4th at 272. *Reid* doesn't require that the circumstance be presented by the injured party. The Counter-Complaint specifically alleges such a circumstance. It explains "Willis Allen learned that if it could come up with substantially less than the policy limits available, it likely could resolve the Polamalus' claims against it. Willis Allen informed Aspen Specialty of this opportunity." (Docket no. 23, ¶ 25.) It also alleges that the Polamalus engaged in mediation in hopes of settling the case, Willis Allen's defense counsel warned Aspen of potential above policy limits damages, and defense counsel requested policy limits settlement authority, but Aspen refused. (*Id.*, ¶¶ 16, 21, 22.) Accepting these factual allegations as true and construing them in the light most favorable to Willis Allen, the Counter-Complaint plausibly alleges that Aspen "refused in bad faith a reasonable

opportunity to settle." Thus, Willis Allen's allegations are sufficient to survive Aspen's motion to dismiss.

### III.    Conclusion

Aspen's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

DATED:  June 15, 2015

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge